IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| 2M RESEARCH SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 17-1638C |
| | ) | Senior Judge Smith |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VISION PLANNING & CONSULTING, LLC, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR ENTRY OF PROPOSED ORDER

Pursuant to the Court's instructions during the status conference held on July 30, 2018, the Government respectfully provides this response to Plaintiff's Motion for Entry of Proposed Order filed on August 3, 2018 (Dkt. No. 48).  2M Research Services, LLC, proposes as terms of a permanent injunction the following:

- "that the award to Vision Planning & Consulting, LLC ('VPC') be set aside,"

- "that FEMA be enjoined permanently from awarding the contract resulting from Solicitation No. HSFE40-16-R-0002 ('the Contract') to VPC,"

- "that VPC be enjoined permanently from performing the work required by the Contract," and

- "that FEMA award the Contract to 2M Research. . . ."

Dkt. No. 48 at 3.  The Court should reject 2M Research's proposal because it is overbroad and contrary to well-settled law, and instead, the Court should enter the narrower injunction we propose below.

2M Research requests that the Court award it the contract.  However, the Federal Circuit

has explained that this Court does not have authority to order the award of a contract to a particular bidder. *E.g.*, *Parcel 49C Ltd. P'ship v. United States*, 31 F.3d 1147, 1152-53 (Fed. Cir. 1994); *CACI, Inc.—Federal v. United States*, 719 F.2d 1567, 1575 (Fed. Cir. 1983). Notably, 2M Research's motion fails to provide any legal basis for a directed award, nor has it provided during this litigation any justification for such an award.[1]

Further, at most, the Court may return the procurement to "the *status quo ante* of any illegality." *Parcel 49C*, 31 F.3d at 1153. Here, the action the Court deemed illegal was FEMA's inclusion of VPC in the competitive range, and therefore, the *status quo ante* of any illegality would be the posture of the procurement before VPC was included in the competitive range. The Federal Circuit has instructed that when a court restores the procurement to the state just before the illegal action occurred, the "Government retains the power to proceed with its award process or to terminate the award process for any legal reason." *Id.* at 1154; *accord CliniComp Int'l, Inc. v. United States*, 117 Fed. Cl. 722, 747 (2014); *BayFirst Solutions, LLC v. United States*, 102 Fed. Cl. 677, 698 (2012); *FirstLine Transp. Sec., Inc. v. United States*, 100 Fed. Cl. 359, 403 (2011). Ignoring these principles, 2M Research urges the Court to enter a permanent injunction that forecloses FEMA's discretion to perform any procurement action other than awarding the contract to 2M Research, such as cancelling the solicitation and resoliciting.

The permanent injunction, therefore, should be narrower than the one 2M Research proposes. In accordance with the Court's observation on page 10 of its opinion that "a permanent injunction should only be as broad as the harm it seeks to remedy," 2M Research's

---

[1] Neither the amended complaint (Dkt. No. 31-1 at 35 ¶ D) nor 2M Research's briefs filed in this matter (Dkt. No. 34-1 at 40; Dkt. No. 38 at 30; Dkt. No. 41-1 at 1-3) stated that a directed award would be appropriate. Moreover, by failing to provide in its motion any basis for a directed award, 2M Research has waived the right to attempt to provide that basis in a reply brief. *United States v. Ford Motor Co.*, 463 F.3d 1267, 1276-77 (Fed. Cir. 2006).

failure during this litigation to provide a basis for a directed award (*see* n.1 and accompanying text, above), the case law cited above regarding the impropriety of directing an award, and, incidentally, the Government's position stated during the status conference conducted on July 30, 2018, we respectfully submit that the permanent injunction the Court enters should include no more than the following terms:

- The award to VPC is set aside, and

- FEMA is permanently enjoined from including VPC in any competitive range determination for Solicitation No. HSFE40-16-R-0002.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Deputy Director

OF COUNSEL:

Rina Martinez
Hillary J. Freund
FEMA Office of Chief Counsel
Procurement & Fiscal Law Division

s/Daniel K. Greene
DANIEL K. GREENE
for
NATHANAEL B. YALE
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
PO Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342
Fax: (202) 514-8624
Daniel.K.Greene@usdoj.gov

Dated: August 10, 2018

*Attorneys for Defendant*