IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| 2M RESEARCH SERVICES, LLC,                ) | |
| )| |
| Plaintiff,                ) | |
| ) | Case No. 17-1638C |
| v.                ) | |
| ) | Senior Judge Smith |
| THE UNITED STATES OF AMERICA,                ) | |
| ) | |
| Defendant,                ) | |
| ) | |
| and                ) | |
| ) | |
| VISION PLANNING & CONSULTING, LLC,                ) | |
| ) | |
| Defendant-Intervenor                ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR ENTRY OF PROPOSED ORDER**

In response to the Court's instructions during the July 30, 2018 status conference in the above-captioned matter, Plaintiff 2M Research Services, LLC ("2M") filed a draft order with accompanying motion on August 3, 2018.  In response to that filing, Defendant submitted a response on August 10, 2018.  With its response, Defendant not only upends the basis of the discussion during the status conference and the Court's instructions to Plaintiff to essentially memorialize that discussion, but also backtracks on the statements and representations made by Defendant at that time.

Specifically, when asked during the status conference as to the Government's position on the nature of the permanent injunction, Counsel read from the prayer for relief in Plaintiff's Second Amended Complaint and stated that the Court should set aside the award to Vision Planning & Consulting, LLC ("VPC") and permanently enjoin FEMA from awarding the contract to VPC and VPC from performing the contract.  When asked her view of the Government's proposal, the undersigned agreed and also requested that the Court order award to

be made to 2M, the only offeror remaining in the competition once VPC was eliminated. Defendant's Counsel voiced no objection or concern at that time. In fact, he failed to comment at all on the undersigned's proposal.

It is only in its recent filing that Defendant asks the Court to reject completely Plaintiff's good faith effort to memorialize the proceedings in a draft order, claiming that the proposed language is "overbroad and contrary to well-settled law." Def.'s Response at 1. Specifically, Defendant claims that this Court has no authority to direct award to 2M or to otherwise require that award be made in accordance with the terms of the solicitation. In support of this position, Defendant cites to several cases, including *Parcel 49C Ltd. P'ship v. United States*, 31 F.3d 1147 (Fed. Cir. 1994) and *CACI, Inc. – Federal v. United States,* 719 F.2d 1567 (Fed. Cir. 1983). Unfortunately for Defendant, neither case is controlling or compelling. *Parcel 49C* focused on the impropriety of cancellation of a solicitation. In *CACI,* the Federal Circuit reversed the Court of Federal Claims ("COFC") finding that the record did not support COFC's finding that the underlying award decision was arbitrary and capricious and, thus, that there was no basis for the resulting permanent injunction. Neither case stands for the proposition that COFC is not authorized to make a directed award, particularly in this case where 2M is the only remaining offeror in the competitive range.

Defendant's recent filing is also interesting because it now backtracks and deliberately stops short of asking this Court to enjoin it from making award to VPC. Defendant now asks only that the award be set aside and that FEMA be "permanently enjoined from including VPC in any competitive range determination for Solicitation No. HSFE40-16-R-0002." Def.'s Response at 3. Defendant asserts that the illegality found by the Court was only VPC's inclusion in the competitive range, thus auguring in favor of returning the procurement to its "posture . . . before VPC was included in the competitive range." *Id.* at 2. According to Defendant, a return

to this *status quo ante* would not "foreclose[] FEMA's discretion to perform any procurement action other than awarding the contract to 2M Research, such as cancelling the solicitation and resoliciting," which would permit it to make yet another illegal award to VPC.[1]  *Id.*  Perhaps, the third time's the charm.

Given the history or this procurement, what the Government now proposes would make a mockery of the integrity of the procurement process, as well as of this Court's jurisdiction.  It is precisely because of that history, as described in detail in the Administrative Record, that this Court should permanently enjoin Defendant from making award to VPC and requiring Defendant to proceed with a contract award under the instant solicitation.  Accordingly, 2M respectfully requests that this Court grant its motion for entry of the proposed order or some similar order that requires Defendant to proceed with contract award in accordance with the terms set forth in Solicitation No. HSFE40-16-R-0002.

                                                               Respectfully submitted,

                                                                DRINKER BIDDLE & REATH LLP

*/S/ Jessica C. Abrahams*
Jessica C. Abrahams
1500 K Street, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 230-5361
Facsimile: (202) 842-8465
Email:  Jessica.Abrahams@dbr.com

**Counsel for Plaintiff**

---

[1] Given that the grant program underlying the solicitation at issue is statutorily mandated, there can be no basis to suggest that cancellation of the solicitation is warranted, other than to allow Defendant one more "Hail, Mary" attempt to award a contract to VPC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2018, I electronically filed the foregoing via the Court's CM/ECF system, which automatically generates a notice of filing to all Counsel of Record in this matter

/s/ Jessica C. Abrahams